McFarland, J.,
delivered the opinion of the court:
The transcript shows that at the September term, 1876, of the criminal court of Memphis, that O. L. Anderson, the sheriff, comes into court and “informs the court that he as sheriff seized certain articles which he, the said sheriff, regards, and adjudges to be gaming implements and gaming devices, and that he as sheriff hath so condemned said articles so seized as gaming devices, and he, the said sheriff, is now about to burn or otherwise destroy the same, hut being in doubt as to the law so empowering *716 him, the said sheriff, to so destroy said articles,” whereupon the court instructs the said sheriff that he hath the power by law to so adjudge and destroy the gaming implements and devices.
"Whereupon, S. H. Gibson appeared in court, and objected and excepted, and denied the power of the sheriff so to do, and alleged ownership of the property in himself, and desired and requested the court- to revoke said order or instruction, which the court declined to do, whereupon Gibson appealed.
This entire proceeding is a nullity. "What may be the poivers or duties of a sheriff uuder sections of the Code, 1720 to 1722, we express no opinion, but certainly the action of the court in attempting to advise the sheriff as to his duties is not a judgment or decree in the sense of the law. The proceeding has not the remotest resemblance to a judicial proceeding, but, is a mere nullity.
Let the proceedings be dismissed a.t the appellant’s costs.